UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20631-CR-SCOLA(s)

UNITED STATES OF AMERICA

v.

VLADIMIR PRADO, SR.,

       Defendant.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S PRO SE
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

The United States, by and through the undersigned Assistant United States Attorney, hereby files its response in opposition to the *pro se* motion for early termination of supervised release filed by defendant Vladimir Prado, Sr. (ECF 470). For the reasons set forth below, the United States submits that defendant should serve his full term of supervised release as ordered by the Court at sentencing.

On April 23, 2018, the Court sentenced Vladimir Prado, Sr. to a term of imprisonment of 97 months as to Count One of the Indictment, to run concurrent with the sentence imposed in Case No. 17-20875-Cr-Scola, to be followed by three years of supervised release following his plea of guilty to Conspiracy to Commit Wire Fraud and Health Care Fraud (ECF 191). The Court also imposed a restitution order in the amount of $2,624,659 (id.).

Defendant began his supervised release term on July 27, 2023. In his motion, Prado, Sr. requests early termination because he has complied with his conditions of supervised release to date, is reengaged with his family, and obtained a commercial truck driving license. In analyzing

1

such a motion, a court "may, after considering the 18 U.S.C. § 3553(a) factors ... terminate a term of supervised release," pursuant to the provisions of the Federal Rules of Criminal Procedure, if the defendant has already served at least one year of supervised release, and "if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Granted, defendant has served approximately half his term of supervised release which is expected to expire on July 26, 2026.  Although it is commendable that Mr. Prado, Sr. has complied with the terms and conditions of his supervised release, defendant's grounds do not rise to the level warranting a substantial reduction in sentence vis á vis termination of his remaining supervised release term.  Defendant was convicted of a serious health care fraud offense and still owes $2,535,189.31 toward his restitution obligation.[1]

A balancing of the § 3553(a) factors leads to the conclusion that defendant's motion does not justify leniency by terminating the balance of his supervisory term early.

---

[1] Similarly, defendant owes $1,370,345.59 in restitution in Case No. 17-20875.

Accordingly, based on the foregoing, the United States respectfully requests that the Court deny the *pro se* motion for early termination of supervised release filed by defendant Vladimir Prado, Sr.

                                    Respectfully submitted,

                                    HAYDEN P. O'BYRNE
                                  UNITED STATES ATTORNEY

BY:   */s/ Christopher J. Clark*
        CHRISTOPHER J. CLARK
        ASSISTANT U.S. ATTORNEY
        Florida Bar No. 588040
        99 N. E. 4th Street
        Miami, Florida 33132-2111
        Tel.: (305) 961-9167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a copy sent by U.S. Mail to:

Vladimir Prado, Sr.
3081 SW 132nd Avenue
Miami, FL 33175


                                               */s/Christopher J. Clark*
                                               CHRISTOPHER J. CLARK
                                               ASSISTANT UNITED STATES ATTORNEY